## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

JOSEPH TORREZ,

     Plaintiff,

v.

EL PASO COUNTY SHERIFF'S DEPARTMENT,
BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF EL PASO;
EL PASO COUNTY JAIL TECHNICIAN GRACE EASTHAM,
DEPUTIES JOHN DOE 1-4, RESPECTIVELY

     Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 17 2020**

JEFFREY P. COLWELL
CLERK

## CIVIL RIGHTS COMPLAINT

### A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Joseph Torrez, 259 S. Teller Street, Apt D120, Lakewood, CO 80226, (720) 909-4466, josephtorrez009@gmail.com

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

Free citizen on parole

### B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:

### El Paso County Sheriff's Department

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?   **X**   Yes      No (*check one*).  Briefly explain:

This Defendant ("the Department" or "Sheriff's Office") is the employer of the officers and agents who dealt directly and indirectly with the Plaintiff while engaged in the performance of their law enforcement duties during all times relevant in this Complaint. During all times relevant to this Complaint, the El Paso County Sheriff's Department acted pursuant to Departmental customs and policies set forth by the Board of County Commissioners for the County of El Paso.

Defendant 1 is being sued in its official capacity.

Defendant 2:

### Board of County Commissioners for County of El Paso

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X**     Yes      No (*check one*).  Briefly explain:

This Defendant ("the Board" or "El Paso County") is responsible under state statute for the health, safety and welfare of the citizens including: law enforcement, which includes providing jail facilities through the Sheriff; human services, including administering and carrying out virtually all programs overseen by the Colorado Department of Human Services. They are responsible for the acts and omissions of the El Paso County law enforcement personnel, which they regulate through oversight, policy and customs, both formal and informal.

Defendant 2 is being sued in its official capacity.

Defendant 3:

### Grace Eastham

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?   **X**   Yes      No (*check one*).  Briefly explain:

This Defendant ("Eastham") is a jail technician at the El Paso County Sheriff's Department, as well as an employee and/or agent of the Board of County Commissioners for the County of El Paso. This Defendant dealt directly and indirectly with the Plaintiff while engaged in the performance of her law enforcement duties during all times relevant in this Complaint, namely the time and release operations related to the Plaintiff. During all times relevant to this Complaint, Eastham acted pursuant to Departmental customs and policies set forth by the El Paso County Sheriff's Department and/or the Board of County Commissioners for the County of El Paso.

Defendant 3 is being sued in her individual and official capacity.

Defendanst 4-7:

### John Does 1-4

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?   **X**   Yes      No (*check one*).  Briefly explain:

These unknown defendants ("Doe" or "Officers") are deputies of the El Paso County Sheriff's Department, as well as employees and/or agents of the Board of County Commissioners for the County of El Paso. These Defendants dealt directly and indirectly with the Plaintiff while engaged in the performance of their law enforcement duties during all times relevant in this Complaint. During all times relevant to this Complaint, Does 1-4 acted pursuant to Departmental customs and policies set forth by the El Paso County Sheriff's Department and/or the Board of County Commissioners for the County of El Paso. These Defendants, while yet unknown, will be identified in the course of discovery and are named in an abundance of caution as actors who dealt directly or indirectly with Plaintiff during all times relevant in this Complaint.

Defendants 4-7 are being sued in their individual and official capacities.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

**X**    42 U.S.C. § 1983 (state, county, and municipal defendants)

**X**    Other: (*please identify*) 28 U.S.C. §1367 (pendent jurisdiction)
28 U.S.C. § 1331 (federal question)
28 U.S.C. § 1343 (civil rights)
28 U.S.C. § 2201 (declaratory relief)
42 U.S.C. §1988 (attorney fees)

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

### FACTUAL ALLEGATIONS

1.     Plaintiff hereby incorporates and realleges all of the allegations in Paragraphs A through D of this Complaint as if fully set forth herein.

2.     On or around April 14, 2020, Plaintiff was arrested and taken into custody by deputies of the El Paso County Sheriff's Department and transported to the El Paso County Jail.

3.     Plaintiff was advised that he was taken into custody for El Paso County case 15CR1210 to serve the sentence in that case.

## D. STATEMENT OF CLAIMS

4.      However, that sentence had already been served.

5.      Plaintiff was sentenced in El Paso County case 15CR1210 on July 2, 2015. He was sentenced to two years in the County Jail, to run concurrent with all current and former cases.

6.      Plaintiff was in custody at the time of his sentencing, had already been in custody prior to sentencing, and remained in custody until his sentence in 15CR1210 expired. *See Exhibit A,* 15CR1210 Mittimus, which is attached to this Complaint and fully incorporated as if fully set forth herein.

7.      There was no language in that sentencing Order that stated Plaintiff was to begin serving the sentence in 15CR1210 after his release from DOC on his other concurrent sentences.

8.      When he was arrested on April 14, 2020 Plaintiff informed Defendant Does that the warrant was invalid, that they were falsely arresting him and that the sentence he was being arrested for had already been served.

9.      Defendant Does ignored Plaintiff's assertions and arrested him anyway. Defendant Does instead took Plaintiff to the El Paso County Jail and into custody of the El Paso County Sheriff's Department.

10.     After Plaintiff was booked into the El Paso County Jail, he informed several deputies and Defendant Eastham that he was wrongfully arrested and that he had already served his sentence, but these Defendants ignored Plaintiff.

11.     Plaintiff contacted Defendant Eastham several times regarding his wrongful arrest and confinement, but she told him she would not look into the issue and that he had to petition the courts himself.

12.     After repeated inquiries by Plaintiff and submission of both sentencing Orders from outside help, Defendant Eastham stated that his sentence in 15CR1210 was supposed to run consecutive to his other cases, but that is false. *See Exhibit D,* 15CR3729 Mittimus, which is attached to this Complaint and fully incorporated as if fully set forth herein.

13.     Plaintiff wrote several kite requests and several grievances regarding the issue but was continually denied and ignored.

14.     After engaging outside help, Plaintiff was able to establish that he was being wrongfully confined. He was released on May 11, 2020 after serving 24 days of excessive confinement after the paralegal who helped him corresponded with the Clerk of Court, since Defendant Eastham would not. *See Exhibit B,* email correspondence with Robyn Parker and Grace Eastham, which is attached to this Complaint and fully incorporated as if fully set forth herein. Robyn Parker, a Clerk of Court for El Paso County, confirmed that the sentence was concurrent and had already been served. *Id.*

## CLAIM ONE: FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF FOURTH AMENDMENT AND EXCESSIVE CONFINEMENT IN VIOLATION OF THE EIGHTH AMENDMENT

15.     Plaintiff hereby incorporates and realleges all of the allegations in Paragraphs one through fourteen of this Complaint as if fully set forth herein.

16.     On or around April of 2020, Plaintiff had a clearly established constitutional right to be free from false arrest and false imprisonment (excessive confinement).

17.     Defendant Does intended to subject Plaintiff to arrest and confinement while in the course of their assumed duties under color of state law.

18.     Defendant Eastham intended to subject Plaintiff to confinement for a sentence that had already been served and failed to investigate or intervene when put on notice that Plaintiff was being wrongfully confined.

19.     Plaintiff knew that his sentence was complete already and he attempted to convey this fact several times to the Defendants he encountered.

20.     Plaintiff did not consent to the confinement, and the confinement was not privileged.

21.     There was no probable cause to arrest the Plaintiff or keep him confined, since the sentence he was arrested and confined in connection with was already served.

22.     Probable cause to arrest only exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. Here, Defendants' knowledge was inaccurate and there were no circumstances justifying the arrest of the Plaintiff.

23.     Presumption of probable cause is rebuttable "by evidence that the [arrest] was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" " *Aghoghoubia v. Brandon Noel* (Shield No. 1967), 17-CV-1927 (NGG) (SJB), at *11 (E.D.N.Y. Jan. 11, 2019). Such were the circumstances here.

24.     Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including the "right to be free from the lodging of false criminal charges against him by government officials" by lodging a false arrest warrant for the sentence that had already been served.

25.     The Plaintiff has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. However, the plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law.

26.     Defendant Does and Eastham knew or reasonably should have known of the danger they placed Plaintiff into by their subjecting Plaintiff to false arrest, false imprisonment, and excessive confinement.

27.     These Defendants are not entitled to qualified immunity for failing to investigate or intervene in the Plaintiff's circumstances, because it is clearly established law that they have a duty to investigate when put on notice of a false arrest and/or imprisonment.

28.     In *Martinez v. City of Los Angeles*, the Ninth Circuit analyzed a claim for false imprisonment grounded on prolonged detention under California law, explaining that a jailer "may be liable if the jailer knows that the imprisonment is unlawful or if there is some notice sufficient to put him, as a reasonable man, under a duty to investigate the validity of the incarceration." 141 F.3d 1373, 1380 (9th Cir.1998) (internal quotation marks omitted).

29.     In *Wood v. Worachek*, the Seventh Circuit explained that a jailer is liable for the illegal detention of an inmate when he unreasonably detains the inmate for arraignment or release, or possesses an affirmative knowledge of the illegality of the arrest. But if the errors upon which liability is asserted take place beyond the scope of his responsibility, he cannot be found liable where he has acted reasonably and in good faith. 618 F.2d 1225, 1231 (7th Cir.1980). Here, Defendants possessed an affirmative knowledge of the illegality of Plaintiff's arrest based on Plaintiff explaining to each of them about how his sentence was already served. Defendant Does and Eastham, despite their knowledge after being put on notice, did not act reasonably or in good faith by refusing to look into Plaintiff's circumstances.

30.     In *Dry v. United States*, the Tenth Circuit held that, "absent any objectively apparent lack of a basis for a detention which should arouse suspicion, a jailer cannot be expected to assume the mantle of a magistrate to determine the probable cause for an arrest." 235 F.3d 1249, 1259 (10th Cir. 2000). Based on Plaintiff's repeated assertions to Defendant Does and Eastham, there was conveyed an "objectively apparent lack of a basis for detention which should arouse suspicion."

31.     Defendant Eastham had a duty to determine the validity of the warrant after being put on notice that Plaintiff was challenging it but failed to do so.

32.     Defendant Eastham was responsible for oversight of Plaintiff's term of commitment and had a duty to intervene with remedial action once she learned the commitment was not valid, but she failed to provide any oversight or intervene.

33.     As a direct and proximate result of these Defendants' subjection of Plaintiff to false arrest, false imprisonment, and excessive confinement for a sentence he had already served, Plaintiff was exposed to the deadly COVID-19 virus in the El Paso County Jail.

34.     As a direct and proximate result of these Defendants' subjection of Plaintiff to false arrest, false imprisonment, and excessive confinement for a sentence he had already served, Plaintiff was forced to share a cell with people charged with violent felony offenses (attempted murder and others) at the El Paso County Jail.

6

35.     As a direct and proximate result of these Defendants' subjection of Plaintiff to false arrest, false imprisonment, and excessive confinement for a sentence he had already served, Plaintiff was lost a significant amount of wages and nearly lost his job because of his incarceration.

36.     Plaintiff missed 21 days of work while wrongfully incarcerated, plus the potential for overtime. Plaintiff is paid $23.00 per hour at his place of employment and works full time. Accordingly, Plaintiff lost at least $3,864.00 in wages as a direct and proximate result of his excessive confinement.

37.     Plaintiff has had to spend $550.00 so far on outside help to communicate with Defendant Eastham and the court to establish that he was being wrongfully confined, and to initiate this action.

38.     Plaintiff had to spend around $400.00 on phone calls to his family and friends from the El Paso County Jail as a proximate result of his wrongful confinement.

39.     As a proximate result of his wrongful incarceration, Plaintiff missed his daughter's eighth birthday, causing the Plaintiff, his daughter and family emotional distress.

40.     As a direct and proximate result of these Defendants' subjection of Plaintiff to false arrest, false imprisonment, and excessive confinement for a sentence he had already served, Plaintiff was unable to care for his wife and family while in the El Paso County Jail.

41.     As a direct and proximate result of these Defendants' subjection of Plaintiff to false arrest, false imprisonment, and excessive confinement for a sentence he had already served, Plaintiff's wife had a nervous breakdown and a relapse while Plaintiff was in the El Paso County Jail, and both Plaintiff and his wife suffered severe emotional distress.

42.     The actions of Defendant Does constituted a clearly erroneous and false arrest in violation of the United States Constitution.

43.     The actions of Defendant Eastham constituted clear false imprisonment and excessive confinement in violation of the United States Constitution.

44.     Defendant Eastham had an obligation to correct the error in Plaintiff's sentencing, and avoid subjecting Plaintiff to excessive confinement, yet she did nothing to intercede.

45.     Instead, even though the error was clear and in writing, Defendant Eastham advised Plaintiff that he had to write the courts, knowing that such process would take weeks while Plaintiff remained in confinement.

46.     Upon information and belief, the El Paso County and its employees have been sued before for false arrest, false imprisonment, and excessive confinement violations, and the El Paso County Sheriff's Office failed to investigate or take corrective action to prevent these excessive confinement violations from happening again.

47.     The Defendant officers who arrested Plaintiff were advised by him that he had already served his sentence and that it was a mistake while detaining and arresting the Plaintiff, but they took no action or made any efforts to confirm that there was indeed a valid commitment to be served by the Plaintiff.

48.     The failure to call a supervisor to validate the warrant fell below the standard of what a reasonable officer would believe necessary when presented with the Plaintiff's assertions at the time of the arrest of them Plaintiff.

49.     No valid, justifiable, or penological reason existed for arresting the Plaintiff since the sentence he was being arrested on was already served.

50.     Defendant Eastham's failure to investigate Plaintiff's sentence, consult with the courts, or take any corrective action was arbitrary and unreasonable.

51.     Defendant Eastham had a duty to intervene and protect Plaintiff from wrongful incarceration but failed to do so.

52.     Defendants, acting under color of law, deprived him of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a.  the right to be free from unreasonable search and seizure.
   b.  the right to be free from false arrest.
   c.  the right to be free from false imprisonment.
   d.  the right to be free from the excessive confinement by government officials.
   e.  the right to be free from deprivation of liberty without due process of law.

53.     Plaintiff also contends that Defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

54.     The individual Defendants' false arrest and excessive confinement of the Plaintiff was not reasonable under the circumstances and was excessive.

55.     Wherefore, as a direct and proximate result of the actions of Defendant Love and Defendant Does, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## CLAIM TWO: VIOLATION OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT

56.     Plaintiff hereby incorporates and realleges all of the allegations in Paragraphs one through fifty-five of this Complaint as if fully set forth herein.

57.     With respect to the Fourteenth Amendment, prisoners have a liberty interest in being released on time, in conformity with the sentence imposed and other relevant laws. John Boston

and Daniel E. Manville, *Prisoners' Self-Help Litigation Manual* 407 (4th ed. 2010); *see also Toney-El v. Franzen*, 777 F.2d 1224, 1226 (7th Cir. 1985) (plaintiff had constitutionally protected liberty interest in being released from prison for good behavior); *Johnson v. Herman*, 132 F. Supp. 2d 1130, 1139 (N.D. Ind. 2001) (due process clause "clearly protects against eighteen days of unlawful incarceration").

58.     When a plaintiff was imprisoned "pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." *Chavez v. Cnty. of Bernalillo*, 3 F. Supp. 3d 936, 980-81 (D.N.M. 2014)

59.     Plaintiff raises a claim of procedural due process, which means the procedure the Constitution requires before government can deprive a person of liberty. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

60.     A procedural due process analysis proceeds with two questions. "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted). Here, Plaintiff had a liberty interest in remaining free from false arrest and unlawful confinement, this liberty interest was interfered with by Defendants when they falsey arrested and excessively confined Plaintiff, and the procedures under which Plaintiff was arrested and confined were constitutionally insufficient because the proper procedures and verifications were not executed before deciding to take Plaintiff into custody.

61.     Under *Morrissey v. Brewer*, 408 U.S. 471 (1972), parolees are entitled to certain "minimum" due process protections prior to the revocation of parole. *Id.* at 487-89. Here, Plaintiff was not even provided with a hearing or advisement by the DOC or the court, nor was he given the opportunity to challenge his arrest and confinement.

62.     The introduction of false evidence in itself violates the due process clause. Here, the El Paso County Sheriff's Department introduced false evidence into the National Crime Information Center ("NCIC") and the Colorado Crime Information Center ("CCIC") that Plaintiff was at large for an unserved sentence and that he needed to be arrested for that sentence.

63.     Plaintiff challenges the adequacy of the particular procedure or the lack of any particular procedure in place for proper time calculation and/or proper time and release operations at the El Paso County Jail.

64.     Plaintiff pursued numerous routes in an effort to correct his sentence, including filing various appeals, letters and motions, but all of these requests were either disregarded or incorrectly handled.

65.     There are safeguards and procedures in place at the El Paso County Jail that prevent excessive confinement and inaccurate time computation, but these procedures were either disregarded or intentionally ignored.

66.    It is well-established that in cases in which the state establishes pre-deprivation procedures and state employees negligently or intentionally violate those procedures, the only way a state could provide protections from such "random and unauthorized" conduct is through post deprivation remedies. *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, since Plaintiff is alleging that he was deprived of liberty by an official's negligent or intentional violation of state procedures, he can state a due process claim only if because he can show that the state also failed to provide an adequate post deprivation remedy. *Id.*

67.    In this case, Plaintiff received no adequate post-deprivation remedy regarding his release from his excessive confinement at the El Paso County Jail. He notified the state Attorney General's office of the deprivation and even advised them in writing that he intended to sue for his excessive confinement.

68.    Additionally, there is no statutory post-deprivation remedy in Colorado. The only statutory remedy for those excessively confine exists for people who were exonerated of a crime, but not for serving extra time on a crime one was convicted of. And Plaintiff does not meet the elements of the Colorado tort for malicious prosecution because he was formerly convicted– the prosecution did not end in his favor.

## CLAIM THREE: RESPONDEAT SUPERIOR UNDER COLORADO STATE LAW AND MUNICIPAL LIABILITY UNDER *MONELL*

69.    Plaintiff hereby incorporates and realleges all of the allegations in Paragraphs one through sixty-eight of this Complaint as if fully set forth herein.

70.    Defendant Board of County Commissioners for the County of El Paso governs the El Paso County Sheriff's Department, a law enforcement agency, and is a municipality capable of being sued under Colorado law. The city is the legal entity responsible for the Department. Plaintiff bases all applicable and appropriate claims as to Defendant   and the Department on the doctrines of *respondeat superior* or vicarious liability, and municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

71.    State law and El Paso County procedures require proper documentation and/or legal cause to be presented by an arresting officer before accepting any arrestee into custody.

72.    Upon information and belief, Defendants Does and Captain Love failed to obtain proper documentation or legal cause.

73.    This oversight is normal practice or custom for officers at the Sheriff's Department, and upon information and belief, the Department does not discipline officers for failing to document their use of force. The Department does not take seriously the excessive force used by its officers despite the widespread community concerns expressed by lawyers, nurses and by the public. Use of Force reports are also a well-established best practice for police Departments.

74.     Upon information and belief, neither the El Paso Sheriff's Department, nor Defendant Eastham conducted any investigation into Plaintiff's wrongful confinement, despite their awareness of it and despite such after-incident investigations being best practice for law enforcement.

75.     Defendants' actions deprived Plaintiff of his right to be free from false arrest and they were motivated by an unconstitutional enforced policy, pattern of practice, or custom by the Board of County Commissioner for the County of El Paso, El Paso County Sheriff's Office, and Defendant Eastham. The Department nor the Board do not enforce their false arrest policies, they do not properly document incidents of false arrest, they do not investigate allegations of false arrest, and they engage in a policy, pattern of practice, or custom of failing to reprimand or discipline any officer for false arrest. Defendants' failure to address false arrests by Department officers amounted to tacit approval of the use of false arrests.

76.     Defendants' actions deprived Plaintiff of his right to be free from excessive confinement and they were motivated by an unconstitutional enforced policy, pattern of practice, or custom by the Board, El Paso County Sheriff's Office, and Defendant Eastham. The Department and Board not enforce their excessive confinement policies, they do not properly document incidents of excessive confinement, they do not investigate allegations of excessive confinement, and they engage in a policy, pattern of practice, or custom of failing to reprimand or discipline any officer for false excessive confinement. Defendants' failure to address excessive confinement by El Paso County Sheriff's Office personnel amounted to tacit approval of the use of excessive confinement.

77.     Plaintiff has a constitutional right to be free from excessive bail, fines, and punishment.

78.     Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *Monell*, 436 U.S. at 694-95.

79.     Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983).

80.     At all times relevant, Defendants, the Department, Board of County Commissioners of County of El Paso, and El Paso County Sheriff's Department had a duty to properly train, supervise, and discipline their employees and agents.

81.     Defendants breached that duty, in part, by:

   a. Improperly training, authorizing, encouraging or directing officers on proper verification of arrest warrants.
   b. Improperly training, authorizing, encouraging or directing officers on proper computation of sentences for inmates.
   c. Failing to investigate allegations of false arrest.
   d. Failing to investigate allegations of excessive confinement.

     e.  Failing to discipline officers for violations of policy related to false arrest.

     f.  Failing to discipline officers for violations of policy related to excessive confinement.

82.     The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendant Eastham, the arresting officers, and the Defendant entities' failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

83.     This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

84.     Defendants Board of County Commissioners for County of El Paso and El Paso County Sheriff's Department and El Paso County Sheriff's Department, and El Paso County Sheriff's Office failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the and El Paso County Sheriff's Office.

85.     The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

86.     Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiff has suffered damages in an amount in excess of one hundred thousand dollars $100,000.00.

## CLAIM FOUR: INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUALLY-NAMED DEFENDANTS

87.     Plaintiff hereby incorporates and realleges all of the allegations in Paragraphs one through eighty-eight of this Complaint as if fully set forth herein.

88.     All of the individual Defendants named in this Complaint are employees, deputies and/or agents of municipalities.

89.     All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

90.     The actions of the individual Defendants were willful, malicious and in violation of the known rights of Plaintiff.

91.     In April of 2020, Defendant Does committed false arrest upon Plaintiff when they intentionally arrested Plaintiff despite his insistence that the warrant was not valid and that officers needed to validate it based on that information.

92.     In April of 2020, Defendant Eastham  subjected Plaintiff to excessive confinement when she  intentionally ignored Plaintiff despite his repeated insistence that the warrant was not valid, that he had in fact served his time, and that she needed to validate his term of confinement based on that information.

93.    Defendants' conduct was intentional and done through the assertion of legal authority over Plaintiff.

94.    As a result of the false arrest and excessive confinement to which he was subjected, Plaintiff felt violated and degraded. Defendants arrested and confined Plaintiff without any justifiable legal cause. Plaintiff fears that he could experience similar arbitrary and unjustifiable deprivations of liberty by Defendant agencies and individuals in the future. Plaintiff continues to live and work in the community. He is also concerned that police will target him because he reported the incident and has now commenced a lawsuit.

95.    Defendants' extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

96.    Wherefore, as a direct and proximate cause of the actions of Defendants, Plaintiff has suffered damages in an amount in excess of $100,000.00.

### CLAIM FIVE: NEGLIGENCE: NEGLIGENT HIRING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST , COLORADO SPRINGS POLICE DEPARTMENT

97. Plaintiff hereby incorporates and realleges all of the allegations in Paragraphs one through ninety-eight of this Complaint as if fully set forth herein.

98.    Plaintiff filed a timely Notice of Claim/Intent to Sue with the El Paso County Attorney's Office pursuant to the Colorado Governmental Immunity Act for these state law claims on August 15, 2020. *See Exhibit C,* Intent Letter, which is attached to this Complaint and fully incorporated as if fully set forth herein.

99.    All of the individual Defendants named in this Complaint are employees, deputies and/or agents of municipalities.

100.   All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

101.   Defendants Board of County Commissioners for County of El Paso and El Paso County Sheriff's Department owed a duty of care to Plaintiff to exercise reasonable care in hiring, retaining, and supervising its employees.

102.   Defendants Board of County Commissioners for County of El Paso and El Paso County Sheriff's Department knew or should have known of Defendant Does' dangerous character based on prior complaints of excessive force violations and/or background checks including psychological evaluations.

103.   Defendants Board of County Commissioners for County of El Paso and El Paso County Sheriff's Department breached their duty of care to Plaintiff by failing to properly supervise,

provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Plaintiff.

104. Board of County Commissioners is a superior agency to El Paso County Sheriff's Department and promulgates policies for arrest and confinement for the El Paso County Sheriff's Department.

105. El Paso County Sheriff's Department is the superior agency and employer of Defendant Eastham and the arresting officers who arrested and confined the Plaintiff.

106. Defendant Board of County Commissioners for County of El Paso owed Plaintiff a duty of care to properly supervise Defendant El Paso County Sheriff's Department.

107. Defendant El Paso County Sheriff's Department owed Plaintiff a duty of care to properly supervise Defendant Does and Eastham.

108. Defendant Board of County Commissioners for County of El Paso breached its duty of care by not properly supervising Defendant El Paso County Sheriff's Department in the incident with Plaintiff.

109. Defendant El Paso County Sheriff's Department breached its duty of care by not properly supervising Defendant Does and Eastham in the incident with Plaintiff.

110. As a result of Defendants' negligent acts, Plaintiff was falsely arrested, excessively confined, reasonably feared for his safety and has suffered severe emotional distress.

111. Wherefore, as a direct and proximate cause of the actions of Defendants, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?        Yes   X    No (*check one*).

## F.    ADMINISTRATIVE REMEDIES

**NOTE:** The PLRA's administrative exhaustion requirement does not apply to a litigant who has been released from jail before filing suit. *Norton v. City of Marietta,* 432 F.3d 1145 (10th Cir. 2005).

Is there a formal grievance procedure at the institution in which you are confined?

   **X**    Yes    No (*check one*) (n/a)

14

Did you exhaust administrative remedies?

      **X**    Yes    No (*check one*) (n/a)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

a. Plaintiff requests an amount to be determined at trial for the excessive force at the hands of the Colorado Springs Police Department that led to his broken shoulder which has affected his life immensely;

b. Plaintiff requests an amount to be determined for the public humiliation and emotional distress that the Colorado Springs Police Department caused him;

c. Plaintiff seeks declaratory judgment that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions described herein violate the Fourth Amendment to the U.S. Constitution and constitute excessive force in violation of Colorado state law;

d. Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate him for the violation of his Fourth Amendment rights and rights under Colorado state law;

e. Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants from:
    i.    Retaliating against Plaintiff or his family for bringing this lawsuit; and
    ii.    Subjecting Plaintiff to excessive force in the future.

f. Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. § 1983 and 28 U.S.C. § 1367 claims;

g. Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C. §1988; pre-judgement interest and any other relief deemed necessary and proper;

h. For leave to amend Complaint to include a claim for punitive damages under state law; and;

i. Grant all other and additional relief to which Plaintiff may be entitled.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the Plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of his knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Joseph Torrez

August 15, 2020

(Form Revised December 2017)

RID:D0212015CR001210-000026

District Court, El Paso County, State of Colorado
Case#:D0212015CR001210  Div/Room: 15
JUDGMENT OF CONVICTION, SENTENCE  Original



The People of the State of Colorado vs. TORREZ, ~~JOSEPH ANTHONY~~
                              DOB  5/13/1974

---

The Defendant was sentenced on:  7/02/2015                DATE FILED: April 14, 2020
People represented by...: KELLEN, WILLIAM
Defendant represented by: DEVOOGD, NEIL
UPON DEFENDANT'S CONVICTION this date of:  7/02/2015
The defendant pled guilty to:
Count #     5 Charge: ASSAULT 3-KNOW/RECKLESS CAUSE INJURY
C.R.S # 18-3-204(1)(a)                    Class: M1
Date of offense(s):  3/13/2015 to  3/13/2015  Date of plea(s):    7/02/2015
Count #     6 Charge: CHILD ABUSE-KNOWING/RECKLESS-BODILY INJ
C.R.S # 18-6-401(1)(a),(7)(a)(V)          Class: M1
Date of offense(s):  3/13/2015 to  3/13/2015  Date of plea(s):    7/02/2015
Count #     9 Charge: FALSE IMPRISONMENT
C.R.S # 18-3-303                          Class: M2
Date of offense(s):  3/13/2015 to  3/13/2015  Date of plea(s):    7/02/2015
Count #    14 Charge: HARASSMENT-STRIKE/SHOVE/KICK
C.R.S # 18-9-111(1)(a)                    Class: M3
Date of offense(s):  3/13/2015 to  3/13/2015  Date of plea(s):    7/02/2015
Count #    16 Charge: LEAVING SCENE/ACCIDENT-UNATTENDED VEH
C.R.S # 42-4-1604                         Class: T2
Date of offense(s):  3/13/2015 to  3/13/2015  Date of plea(s):    7/02/2015

---

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be sentenced to
Jail                              2.00 YEARS                    COUNT     5
CONCURRENT WITH COUNT   6     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT   9     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT  14     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT  16     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT         CASE NUMBER: 1998CR  5252 El Paso County
CONCURRENT WITH COUNT         CASE NUMBER: 2015CR   180 Douglas County
Jail                              2.00 YEARS                    COUNT     6
Jail                              1.00 YEARS                    COUNT     9
CONCURRENT WITH COUNT   5     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT   6     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT  14     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT  16     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT         CASE NUMBER: 1998CR  5252 El Paso County
CONCURRENT WITH COUNT         CASE NUMBER: 2015CR   180 Douglas County
Jail                              6.00 MONTHS                   COUNT    14
Jail                             90.00 DAYS                     COUNT    16
CONCURRENT WITH COUNT   5     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT   6     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT   9     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT  14     CASE NUMBER: 2015CR  1210 El Paso County
CONCURRENT WITH COUNT         CASE NUMBER: 1998CR  5252 El Paso County
CONCURRENT WITH COUNT         CASE NUMBER: 2015CR   180 Douglas County

---

|   | Assessed | | Balance |
|---|---|---|---|
| $ | 825.50 | $ | .00 |

---

### ADDITIONAL REQUIREMENTS
The restraining order pursuant to C.R.S. 18-1-1001 shall remain in effect
until final disposition of the action, or in the case of an appeal, until
disposition of the appeal.

District Court, El Paso County, State of Colorado
Case #: 2015   CR   1210   Div/Room: 15
JUDGMENT OF CONVICTION, SENTENCE   Original
     The People of the State of Colorado vs. TORREZ, JOSEPH ANTHONY
JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:

DATE _____NPT _____     JUDGE/MAGISTRATE _____
                                             GREGORY ROBERT WERNER

**CERTIFICATE OF SHERIFF**
I CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____     SHERIFF_____
                             BY DEPUTY_____





## MITT for Joseph Torrez 15CR1210

8 messages

parker, robyn <robyn.parker@judicial.state.co.us>                                Wed, Apr 29, 2020 at 2:55 PM
To: "ray@mylegalteam.co" <ray@mylegalteam.co>

 **78811936.pdf**
751K

Raymond Becker <ray@mylegalteam.co>                                              Thu, Apr 30, 2020 at 9:29 AM
To: dreamvirgo@gmail.com

See attached.

---------- Forwarded message ---------
From: **parker, robyn** <robyn.parker@judicial.state.co.us>
Date: Wed, Apr 29, 2020 at 2:55 PM
Subject: MITT for Joseph Torrez 15CR1210
To: ray@mylegalteam.co <ray@mylegalteam.co>

 **78811936.pdf**
751K

Raymond Becker <ray@mylegalteam.co>                                             Thu, Apr 30, 2020 at 10:20 AM
To: "parker, robyn" <robyn.parker@judicial.state.co.us>
Cc: dreamvirgo@gmail.com

Hi Robin,

Thank you for your prompt reply regarding Joseph Torrez (15CR1210). I have examined the mittimus in this case, as well
his sentencing orders from cases 98CR5252 (El Paso), 15CR180 (Douglas), and 15CR3729 (El Paso).

If you take a look at the sentencing order in this case, it states that all sentences in this case are ran concurrent to
98CR5252 and 15CR180, and that these concurrent terms began on the date of sentencing (07/02/15). There is no
language in the order that states Mr. Torrez was to begin serving these concurrent terms after his release from DOC on
15CR3729 (which was ordered to run consecutive to the aforementioned cases only, and was the only consecutive
sentence in any of these matters). In fact, the sentencing order in 15CR3729 was ordered to run consecutive to
15CR1210, not the opposite.

What ultimately ended up happening, was Mr. Torrez served the requisite amount of time on his aggregate DOC
sentences to be released to community corrections a year ago. Evidently DOC had an accurate interpretation of all his
sentencing orders and released him to community corrections because he had already served the concurrent terms in
15CR1210, and had enough time served on his consecutive sentence in 15CR3729 to be community eligible.

However, Mr. Torrez was taken into custody for 15CR1210 and the jail seems to think he still needs to serve that
sentence- that it is consecutive, but it is not. If Mr. Torrez was ordered by the Court to serve the sentences concurrently to
his DOC sentences in 98CR5252 and 15CR180, it means that he served those sentences while he was in DOC before

his consecutive sentence in 15CR3729 even came into play. He should not be in custody because his sentences in this case were served in their entirety on or before 07/02/17.

This is a clerical error on behalf of the Sheriff's Department. It appears they think his county jail sentence was consecutive, when in fact it was his sentence in 15CR3729 that was a consecutive DOC sentence- which DOC released him on a year ago when he had enough time served on that consecutive sentence. Accordingly, we would ask that you forward a copy of the mittimus in this case to the El Paso County Sheriff's office with instructions.

On Wed, Apr 29, 2020 at 2:55 PM parker, robyn <robyn.parker@judicial.state.co.us> wrote:

parker, robyn <robyn.parker@judicial.state.co.us>                     Thu, Apr 30, 2020 at 10:26 AM
To: Raymond Becker <ray@mylegalteam.co>

Mr. Becker,

I'll have to take a look at it. We don't usually do MITTS for jail sentences so I'm not sure where this MITT came from. I noticed it was just entered on 4-14-20 so I am going to have to backtrack this.

Robyn Parker

[Quoted text hidden]

Raymond Becker <ray@mylegalteam.co>                                  Thu, Apr 30, 2020 at 10:49 AM
To: "parker, robyn" <robyn.parker@judicial.state.co.us>

Ms. Parker,

I just got off the phone with Grace over in time comp at the jail. The original sentencing order in 15CR1210 says concurrent, as we know. But she seems to think that 15CR1210 reads consecutive to the DOC sentence in 15CR3729 in the sentencing order in that case. However, I have the sentencing order in that case too, and it reads that the sentence in 15CR3729 is consecutive to the sentence in 15CR1210, not the opposite. She indicated to me that they can release him if you could let them know that the sentencing order in 15CR3729 does not say that 15CR1210 is to run consecutive to that case. They've got his sentences mixed up.
[Quoted text hidden]

parker, robyn <robyn.parker@judicial.state.co.us>                    Thu, Apr 30, 2020 at 11:11 AM
To: Grace Eastham <graceeastham@elpasoco.com>
Cc: Raymond Becker <ray@mylegalteam.co>

Hi Grace,

I understand there is an issue with this but I think it's a simple solution.

Division 15 case 15CR1210 is to run CONCURRENT to 15CR180 (DougCo) and 98CR5252 (El Paso).

Then....Division 17 case 15CR3729, which was after the 15CR1210 sentence is CONSECUTIVE TO 15CR1210 (EPC) 98CR5252 (EPC) and 15CR180 (DOUGCO).

[Quoted text hidden]

Raymond Becker <ray@mylegalteam.co>                                  Thu, Apr 30, 2020 at 11:20 AM
To: dreamvirgo@gmail.com



Raymond Becker <ray@mylegalteam.co>

# MITT for 15CR3729
2 messages

**parker, robyn** <robyn.parker@judicial.state.co.us>                    Thu, Apr 30, 2020 at 11:10 AM
To: Raymond Becker <ray@mylegalteam.co>

This is the MITT from the Division 17 case, which was sentenced consecutive AFTER the Division 15 cases. I sent the MITT, which I'm not sure where that came from, for 15CR1210, to you yesterday.

I'll send an email to Grace and copy you on it.

Robyn Parker

Division 15

 **71069975.pdf**
738K

**Raymond Becker** <ray@mylegalteam.co>                    Thu, Apr 30, 2020 at 11:25 AM
To: dreamvirgo@gmail.com

[Quoted text hidden]

 **71069975.pdf**
738K

---------- Forwarded message ----------
From: **parker, robyn** <robyn.parker@judicial.state.co.us>
[Quoted text hidden]
[Quoted text hidden]

Raymond Becker <ray@mylegalteam.co>                                    Thu, Apr 30, 2020 at 11:24 AM
To: "parker, robyn" <robyn.parker@judicial.state.co.us>

Ms. Parker,

Thank you for clearing this up with the jail. So can we expect that Mr. Torrez will be released then, since his concurrent
sentence in 15CR1210 that he's currently being held on has already been served?

Kind regards,
[Quoted text hidden]



Raymond Becker <ray@mylegalteam.co>

## Joseph Torrez no. 00147335
3 messages

Raymond Becker <ray@mylegalteam.co>                                                    Thu, Apr 30, 2020 at 11:37 AM
To: graceeastham@elpasoco.com
Cc: dreamvirgo@gmail.com

Hi Grace,

Robyn Parker over at the courthouse emailed you clarifying the mix-up this morning; that Mr. Torrez does not have
consecutive time for 15CR1210 on his 15CR3729 sentencing order. For your convenience, I have attached the
sentencing orders in both cases that were sent to me from Ms. Parker.

I am just follwing up to receive confirmation that you have gotten word from the court that his 15CR1210 is concurrent,
that he will have his time adjusted accordingly, and that we can expect his release today. His wife is greatly anticipating
final word on this and needs to know if she should take a drive to Colorado Springs today.

Kind regards,

2 attachments

 Mittimus 15CR1210.pdf
755K

 Mittimus 15CR3729.pdf
742K


Grace Eastham <graceeastham@elpasoco.com>                                              Thu, Apr 30, 2020 at 1:06 PM
To: Raymond Becker <ray@mylegalteam.co>

Hi,

Please tell your client's wife I am unable to respond to her. I have asked the court if they will give Mr. Torrez credit for
time he was at the halfway house (when he should have returned to us to complete his jail sentence that was started and
then stopped while in DOC).


GRACE EASTHAM

Admin Tech

Criminal Justic Center I/R

(719) 390-2139


From: Raymond Becker <ray@mylegalteam.co>
Sent: Thursday, April 30, 2020 11:37 AM
To: Grace Eastham <graceeastham@elpasoco.com>

Cc: dreamvirgo@gmail.com
Subject: Joseph Torrez no. 00147335


CAUTION: This email originated from outside the El Paso County technology network. Do not click links or open attachments unless you recognize the sender and know the content is safe. Please call IT Customer Support at 520-6355 if you are unsure of the integrity of this message.


Raymond Becker <ray@mylegalteam.co>                              Thu, Apr 30, 2020 at 1:34 PM
To: Grace Eastham <graceeastham@elpasoco.com>, "parker, robyn" <robyn.parker@judicial.state.co.us>

Greetings, thank you for replying. I understand that you have asked the Court to give Mr. Torrez time served for the time that he was in the halfway house in effort to correct the mistake, based on your view that his sentence stopped when he went to DOC. However, his sentence never stopped. There was no order from any court reflecting that his concurrent sentence was paused while he went to DOC. The only order from the Court provides that his sentence in 15CR1210 was CONCURRENT to his DOC sentences (meaning running along with his DOC sentences), and he was already in DOC on those cases when those concurrent terms in 15CR1210 were imposed.

The sentencing order in 15CR1210 states the county jail sentence was concurrent to the DOC sentences which were currently being served at the time of sentencing, and the sentencing order in 15CR3729 states only that the sentence was consecutive to all other sentences, not that his county jail sentence in 15CR1210 stopped or paused all of a sudden. Mr. Torrez was already serving his concurrent term for 15CR1210 while he was in DOC, per the Court's order, and he was sentenced in 15CR3729 after he was already serving those concurrent DOC and county jail sentences.

Because the Court ordered concurrent sentencing in 15CR1210, and that sentence was imposed on 07/02/2015, Mr. Torrez began his two-year sentence in July of 2015, it was running concurrently with his DOC sentences, and the consecutive sentence in 15CR3729 has no bearing on the concurrent execution of those sentences in the manner ordered by the court, nor does the subsequent sentence in 15CR3729 "pause" his county jail sentence.

Will you please have your supervisor look into this, as I am sure this is just a misunderstanding. There is no statutory guidance or case law that authorizes the El Paso County Sheriff's Office to "pause" a sentence that was ordered to run concurrent, absent a court order.

Respectfully,


Raymond Becker <ray@mylegalteam.co>                              Thu, Apr 30, 2020 at 1:35 PM
To: dreamvirgo@gmail.com


Raymond Becker <ray@mylegalteam.co>                              Thu, Apr 30, 2020 at 1:35 PM
To: dreamvirgo@gmail.com

---------- Forwarded message ----------
From: **parker, robyn** <robyn.parker@judicial.state.co.us>
[Quoted text hidden]
[Quoted text hidden]

Raymond Becker <ray@mylegalteam.co>                                   Thu, Apr 30, 2020 at 11:24 AM
To: "parker, robyn" <robyn.parker@judicial.state.co.us>

Ms. Parker,

Thank you for clearing this up with the jail. So can we expect that Mr. Torrez will be released then, since his concurrent sentence in 15CR1210 that he's currently being held on has already been served?

Kind regards,
[Quoted text hidden]

Exhibit C

Joseph Torrez

El Paso County Attorney's Office
200 South Cascade Avenue
Colorado Springs, CO 80903
(719) 520-6485

CC:
United States District Court
901 19th Street, Rm. A105
Denver, CO 80294

### NOTICE OF CLAIM-INTENT TO SUE:                                                    May 22, 2020

Please take notice that the undersigned hereby provides formal notice that he is an aggrieved party
who intends to state claims against certain agencies, agents and/or employees of the municipality you
represent, who violated his constitutional and other state rights while acting under color of state law.

The undersigned intends to state claims against the Board of County Commissioners for the County of
El Paso, the El Paso County Sheriff's Office, El Paso County Jail Technician Grace Eastham, and other
defendants of these county  agencies as they become revealed in relation to the alleged constitutional
violations which will be complained of in court.

This action arises as a result of actions by these agents/agencies which violated the undersigned's
constitutional rights to due process, the right to be free from excessive confinement, false
imprisonment, and cruel and unusual punishment. Corresponding state claims include infliction of
emotional distress, lost wages, and loss of consortium. The defendants, through the unlawful and
excessive confinement of the undersigned for a case he had already completed a sentence for, have
proximately caused injuries to the undersigned, and he is entitled to redress pursuant to 42 U.S.C. §
1983, 28 U.S.C. § 1367, and other applicable state laws.

The undersigned shall be filing civil action in the United States District Court for the District of
Colorado, for declaratory relief, compensatory relief, and an unspecified amount of damages. This
notice is being provided to you as counsel of record, for the above-named defendants within the time
limits prescribed, pursuant to the Colorado Governmental Immunity Act, C.R.S. § 24-10-101 et seq. The
undersigned hereby reserves the right to add claims and defendants as they become revealed, including
claims in state court.

Thank you,

*Joseph A. Jorrez*

Joseph Torrez

RID:D0212015CR003729-000025

District Court, El Paso County, State of Colorado
Case#:D0212015CR003729  Div/Room: 17
JUDGMENT OF CONVICTION, SENTENCE  Original

 **EXHIBIT D**

**The People of the State of Colorado vs TORREZ, JOSEPH ANTHONY**
DOB  5/13/1969

---

The Defendant was sentenced on: 11/20/2015
People represented by...: DARBY, JENNIFER
Defendant represented by: SIMPSON, NORENE
UPON DEFENDANT'S CONVICTION this date of: 11/20/2015
The defendant pled guilty to:
Count #    1 Charge: WITNESS/VICTIM-TAMPERING WITH
C.R.S # 18-8-707                      Class: F4
Date of offense(s):  3/14/2015 to  4/21/2015   Date of plea(s):  11/20/2015

DATE FILED DISTRICT & COUNTY
COURTS-EL PASO CO., CO

NOV 2 9 2015

DIVISION 17

---

**IT IS THE JUDGMENT/SENTENCE OF THIS COURT** that the defendant be sentenced to
THE CUSTODY OF THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS
Department of Corrections          2.00 YEARS                 COUNT      1
CONSECUTIVE TO COUNT          CASE NUMBER: 2015CR  1210 El Paso County
CONSECUTIVE TO COUNT          CASE NUMBER: 1998CR  5252 El Paso County
CONSECUTIVE TO COUNT          CASE NUMBER: 2015CR   180 Douglas County
CT ENTERS NO HARRASSMENT ORDR; DEFT WVS R TO FILE MTN 35(B) FOR
RECONSIDERATION; DEFTS STIPS TO CAUSATION FOR RESTIT PURPOSES; DA HAS 91 DAYS
TO FILE RESTITP/O ORDR                                              /LAW
Plus a mandatory period of parole as required by statute.
Months on parole 0036

---

|   | Assessed | | Balance |
|---|---|---|---|
| $ | 428.50 | $ | 428.50 |

---

**THEREFORE, IT IS ORDERED** the Sheriff of EL PASO COUNTY      shall convey the
DEFENDANT to the following department TO BE RECEIVED AND KEPT ACCORDING TO LAW
COLORADO STATE DEPARTMENT OF CORRECTIONS DIAGNOSTIC CENTER

---

**ADDITIONAL REQUIREMENTS**
The restraining order pursuant to C.R.S. 18-1-1001 shall remain in effect
until final disposition of the action, or in the case of an appeal, until
disposition of the appeal.
DEFT HAS 108 DAYS CREDIT FOR TIME SERVED TO BE APPLIED AT THE
DESCRETION OF DOC

---

**JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:**

DATE 11/29/15 NPT 11/20/15   JUDGE/MAGISTRATE _____
                                             JANN P DUBOIS

**CERTIFICATE OF SHERIFF**
I CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____            SHERIFF_____
                                 BY DEPUTY_____

